IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PARKER REED TERRY | § | |
| v. | § | CIVIL ACTION NO. 6:22cv35 |
| LUCAS MACHICEK | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff Parker Reed Terry, proceeding *pro se*, filed this lawsuit in the 241st Judicial District Court of Smith County, Texas, complaining of alleged violations of his rights. The Defendant Lucas Machicek, an assistant district attorney in Smith County, removed the case to federal court in accordance with 28 U.S.C. §1441 *et seq.* The removed lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Plaintiff styled his complaint as a "jurisdictional challenge and notice of void judgment," calling it "an authenticated foreign document" citing the 1961 Hague Convention. Plaintiff describes himself as "Secured Party NONPERSON NON-RESIDENT NON-DEBTOR; NON CORPORATED NON-FICTION NON-SUBJECT NON-PARTICIPANT in any Government programs, a Living flesh and blood Man standing on the ground. Sovereign, NON-CITIZEN, under Special Appearance not general, NON-DEFENDANT, Holder-in-due-course of all documentations of the "Entity" Cestui Que Vie trust PARKER REED TERRY, representing the Corporate Fiction created by the state and federal government."

1

Plaintiff goes on to assert that he is a "transient foreigner without legal domicile" and therefore a "stateless person" who is outside of the jurisdiction of the federal government.  He says that he has canceled his birth certificate (referred to as an "original document of title") but he has opened a "treasury direct" account for satisfying or discharging debt under two numbers, which appear to be social security numbers.

As a "secured party creditor," Plaintiff says he has revoked, rescinded, and canceled all signatures and all silent or assumed powers of attorney of any parties, and all known or unknown contracts conferring trusteeship to the State of Texas over the corporate fiction of PARKER REED TERRY.  Specifically, he states that he was arraigned in the 241st Judicial District Court on October 12, 2014, and a "default judgment" was handed down on April 27, 2016. He contends that the Defendant Lucas Machicek was "appointed as the authorized representative and stand-in" for the CORPORATE STATE OF TEXAS, and as such asserted that the trial court had lawful jurisdiction over Plaintiff. In so doing, Plaintiff asserts that Machicek waived all forms of sovereign or prosecutorial immunity and gave permission to be sued for any and all claims of personal involvement in the deprivation of constitutional rights.

Plaintiff states that he gave Machicek the opportunity to prove jurisdiction, but Machicek has "acquiesced by tacit procuration to the fact that the constitutional and due process violations alleged by this claimant did in fact occur, and did in fact deprive the court of lawful jurisdiction." He asserts that he has never been given the opportunity to rebut the court's presumed jurisdiction and the court failed to demand evidence of jurisdiction prior to hearing the merits of the case.

After discussing what he sees as the elements of jurisdiction, Plaintiff asserts that there was no evidence of jurisdiction over him because the court was presented with claims against a corporate entity identified in all capital letters and led to believe that the living man was in fact the same party identified in all capital letters, with nothing to prove this claim.  Specifically, he claims that the only parties to the case were identified as the STATE OF TEXAS and the CORPORATE ENTITY PARKER REED TERRY, but no "human being."

Plaintiff further says that the alleged statutory violations were not identified as statutes of the STATE OF TEXAS which should be applied to him or how they apply to him, that there was no proof of an affidavit or complaint being made under penalty of perjury, he was never given the opportunity to defend himself against his accuser, the court was not an Article III court but a court claiming "statutory jurisdiction" even though no such court jurisdiction exists in the law.

As a result, Plaintiff contends that lawful jurisdiction did not exist and the court therefore must deem the original case void from the beginning, and that Plaintiff was unlawfully incarcerated. He asks that he be released from all past and present obligations and that he be awarded $56,217.91 per hour plus punitive damages in an amount to be decided solely by him.

Court records (docket no. 1-4, p. 7) show that Plaintiff pleaded guilty in a motion to adjudicate guilt for the offense of armed robbery on April 27, 2016, receiving a sentence of ten years in prison. He did not take a direct appeal, but filed an application for the writ of habeas corpus in state court on February 20, 2018. The application was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court without a hearing on June 20, 2018.

## II. The Motion for Judgment on the Pleadings

In his motion for judgment on the pleadings, Machicek argues that Plaintiff has failed to state a claim upon which relief may be granted, Machicek is entitled to absolute prosecutorial and sovereign immunity, Plaintiff's request to set aside his judgment of conviction is barred by the Rooker-Feldman Doctrine and the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff pleaded guilty to an offense committed in the State of Texas, and Plaintiff's assertions of "sovereign, non-citizen status" do not allow him to violate the law with impunity.  Plaintiff did not file a response to the motion for judgment on the pleadings.

## III. Discussion

A motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be

rendered by looking to the substance of the pleadings and any judicially noticed facts. Hebert Abstract v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). The motion for judgment on the pleadings is subject to the same standards applicable to motions to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Phillips v. City of Dallas, 781 F.3d 772, 775 (5th Cir. 2015).

Fed. R. Civ. P. 12(b)(6) permits dismissal if a plaintiff fails to state a claim upon which relief may be granted. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear this pleading standard does not require detailed factual allegations, but does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

To survive a motion to dismiss or a motion for judgment on the pleadings, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face. This plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. When the complaint pleads facts which are "merely consistent" with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. at 678; Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. at 486-87; see also Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). This holding has been extended by the Fifth Circuit to include

4

claims for injunctive relief as well.  VanBuren v. Walker, 841 F.App'x 715, 2021 U.S. App. LEXIS 9115, 2021 WL 1183013 (5th Cir., March 29, 2021), *citing* Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*).

Plaintiff's claims directly challenge the validity of his conviction, and, if proven, would show that the conviction was invalid. Under Heck, the maturity of a §1983 claim depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). Thus, in order to proceed on his claims in a civil rights action, Plaintiff must show that his conviction has been overturned, expunged, or otherwise set aside. Because he has not done so, his claim has not yet matured and must be dismissed until such a showing has been made.

To the extent Plaintiff seeks damages against Machicek, the claim is also barred by the doctrine of prosecutorial immunity.  This doctrine provides that prosecutors are immune from claims for damages based upon their actions in initiating, investigating, or pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980).  Plaintiff's contention that Machicek somehow waived immunity by asserting that the trial court had jurisdiction, and that state and federal law do not apply to him because he is a "sovereign citizen" and a "stateless person," lack any conceivable basis in law or fact. *See, e.g.*, United States v. Benabe, 654 F.3d 753, 797 (7th Cir. 2009), *cert. denied*, 565 U.S. 1132, 132 S.Ct. 1051, 181 L.Ed.2d 772 (2012); West v. Bornunda, 698 F.App'x 224, 2017 WL 4460751 (5th Cir., October 5, 2017); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (defense that individual is a free, sovereign citizen and not subject to the jurisdiction of the courts "has no conceivable validity in American law"); Berman v. Stephens, civil action no. 4:14cv860, 2015 U.S. Dist. LEXIS 75506, 2015 WL 3622694 (N. D. Tex., June 10, 2015) (claim of exemption from prosecution based on the Uniform Commercial Code or other sovereign citizen theories was frivolous); Wirsche v. Bank of America, N.A., civil action no. 7:13cv528, 2013 U.S. Dist. LEXIS 175122, 2013 WL 6564657 (S.D. Tex., December 13, 2013) (sovereign citizen theories

"have never worked in a court of law - not a single time"); <u>Bradford v. Kummerfeld</u>, civil action no. 5:19cv143, 2020 WL 6482980 (E.D. Tex. May 13, 2020), *Report adopted at* 2020 WL 5670013 (E.D. Tex. Sept. 24, 2020) (rejecting sovereign citizen arguments very similar to Plaintiff's in the present case).

 Plaintiff's request that his conviction be aside can only be granted through habeas corpus, not through the vehicle of a civil rights lawsuit. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *accord*, <u>Muhammed v. Close</u>, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (release from confinement cannot be obtained through a civil rights lawsuit, but must be sought through habeas corpus).

**IV. Conclusion**

 Under Fed. R. Civ. P. 12(b)(6) or 12(c), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion for judgment on the pleadings and provided an opportunity to respond to the motion or to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendants' challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of a case.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 329-30, 109 S.Ct. 1927, 104 L.Ed.2d 338 (1989) (applying Rule 12(b)(6)).

 In this case, Plaintiff had notice of the pending motion for judgment on the pleadings and an opportunity to respond. A review of the pleadings, the motion, and the response show that the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. The Defendant Lucas Machicek's motion for judgment on the pleadings is meritorious and should be granted.

## RECOMMENDATION

It is accordingly recommended that the Defendant's motion for judgment on the pleadings (docket no. 6) be granted and the above-styled civil action be dismissed with prejudice until such time as Plaintiff shows that his conviction has been overturned, expunged, or otherwise set aside. The dismissal of this lawsuit should have no effect upon Plaintiff's right to challenge his conviction through any lawful means, including but not limited to seeking habeas corpus relief in state or federal court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 21st day of June, 2022.**

7

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE